NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000875
06-DEC-2017
10:27 AM

NO. CAAP-16-0000875

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JUNTA TOKUNAGA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-16-02666)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge and Chan, J. with
Nakamura, Chief Judge, concurring separately)

Defendant-Appellant Junta Tokunaga (Tokunaga) appeals from a Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment), entered on November 22, 2016 by the District Court of the First Circuit, 'Ewa Division (district court).[1] Tokunaga was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (3).[2]

---

[1] The Honorable James C. McWhinnie presided.

[2] HRS § 291E-61 (Supp. 2016) provides in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Tokunaga's points of error as follows.

(1) Tokunaga argues that the district court reversibly erred by failing to hold a hearing on his motion to suppress evidence (Motion to Suppress). The State concedes this point. Notwithstanding the State's concession, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawai'i 219, 221-22, 74 P.3d 575, 577-78 (2003) (citing to State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000). In other words, the State's concession of error "is not binding upon an appellate court[.]" Hoang, 93 Hawai'i at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

Rule 12(b)(3) and (e) of the Hawai'i Rules of Penal Procedure (HRPP) provide that motions to suppress evidence must be raised and ruled upon prior to trial. See HRPP Rule 12(b) and (e). See also State v. Thomas, 72 Haw. 48, 53-54, 805 P.2d 1212, 1214-15 (1991) (citing State v. Rodgers, 70 Haw. 156, 157, 766 P.2d 675, 675 (1988)) (trial court's failure to decide a motion to suppress prior to trial constituted reversible error). Because there is no evidence in the record on appeal that the district court ever ruled on Tokunaga's Motion to Suppress, the district court violated HRPP Rule 12(e), and Tokunaga's conviction must be vacated.

(2) We note that Tokunaga has not presented any argument establishing that the district court erred in admitting his breath test result.

Tokunaga argues that there was insufficient evidence to support his OVUII conviction. We disagree. Although the

---

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

2

district court acknowledged that Tokunaga's medical condition may have affected his balance, speech, and performance on the field sobriety tests, it relied on the totality of circumstances, which included Tokunaga's speeding, stumbling and poor balance upon exiting his car, strong odor of alcohol, red, watery, and glassy eyes, starting too soon on the Walk-and-Turn test, and breath test result of 0.105 grams of alcohol per 210 liter of breath, in finding Tokunaga guilty of OVUII. We conclude that when viewed in the light most favorable to the State, there was sufficient evidence to support the district court's guilty verdict. See State v. Ildefonso, 72 Haw. 573, 576, 827 P.2d 648, 651 (1992) (sufficiency of the evidence must be viewed in the light most favorable to the State); State v. Eastman, 81 Hawai'i 131, 135, 913 P.2d 57, 61 (1996) ("The test on appeal is not whether guilt [was] established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."). See also, e.g., State v. Peters, (SDO) No. CAAP-16-0000691, 2017 WL 4217004, 140 Hawai'i 435, *1, 402 P.3d 511, *1 (App. Sept. 22, 2017); State v. Ringor, (SDO) No. CAAP-16-0000526, 2017 WL 2266882, 139 Hawai'i 562, *2, 394 P.3d 792, *2 (App. May 24, 2017).

(3) Since we are remanding the case, we need not address the other arguments Tokunaga raises on appeal.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered by the District Court of the First Circuit, 'Ewa Division, on November 22, 2016, is vacated, and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, December 6, 2017.

On the briefs:

Hayden F. Burgess,
(Poka Laenui),
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

3